```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

```
_____
                               )
LIONBRIDGE TECHNOLOGIES, LLC,  )
          Plaintiff,           )
                               )
          v.                   )    CIVIL ACTION
                               )    NO. 20-10014-WGY
VALLEY FORGE INSURANCE         )
COMPANY,                       )
          Defendant.           )
                               )
_____
```

YOUNG, D.J.                                      September 14, 2023

**MEMORANDUM & ORDER**

**I.   INTRODUCTION**

This case arises from an insurance coverage dispute between the plaintiff Lionbridge Technologies, LLC ("Lionbridge"), and its insurer, the defendant Valley Forge Insurance Company ("Valley Forge").  Lionbridge seeks full defense costs from Valley Forge in an underlying litigation, while Valley Forge claims that it is not required to pay for the defense of Lionbridge's co-defendant, H.I.G. Middle Market LLC ("H.I.G."), in that litigation.  Pl.'s Mot. Partial Summ. J. ("Pl.'s Mot.") 1, ECF No. 214; Pl.'s Mem. Law Supp. Mot. Partial Summ. J. ("Pl.'s Mem.") 1-2, ECF No. 215; Def.'s Opp'n Pl.'s Mot. Partial Summ. J. ("Def.'s Opp'n") 2, ECF No. 224.  H.I.G. is the corporate owner of Lionbridge.  Lionbridge now moves for partial

1

summary judgment on this issue, requesting that this Court order that Valley Forge cover all non-segregable costs, that is all defense costs that Lionbridge would have incurred in its defense in the underlying litigation, irrespective of the existence of any co-defendant.  Pl.'s Mot. 1.

This Court **allows** Lionbridge's motion for partial summary judgment (ECF No. 214), ordering **there be a reasonable allocation of costs between the parties**.  In doing so, this Court aligns with the law proposed by Valley Forge.  Def.'s Opp'n 12-13 (citing Watts Water Techs., Inc. v. Fireman's Fund Ins. Co., No. 05-2604-BLS2, 2007 WL 2083769, at 11 (Mass. Super. Ct. July 11, 2007) (Gants, J.)).

A.   **Factual Background**

TransPerfect Global, Inc. ("TPG") sued Lionbridge and H.I.G. in the Southern District of New York (the "Underlying Case"), Pl.'s Reply Def.'s Summ. J. Statement of Facts ("Pl.'s Reply Facts") ¶ 1, ECF No. 229, and Valley Forge became potentially liable under a policy issued to Lionbridge, effective from September 30, 2017 to September 30, 2018, by which Valley Forge would pay the "sums that [Lionbridge] becomes legally obligated to pay as damages because of personal and advertising injury to which this insurance applies" (the "Policy").  First Am. Compl. ("Am. Compl.") ¶¶ 13, 14, ECF No. 53; Am. Compl., Ex. 1, CNA Paramount Policy 138, ECF No. 53-1.

2

### 1. The Underlying Case

The Underlying Case arose from H.I.G. entering "a bidding process to purchase TPG, which was the subject of a court-ordered sale." Pl.'s Reply Facts ¶ 6. TPG claimed that even though H.I.G. was likely not going to acquire TPG's shares, it "remained in the bidding process as a pretext to access TPG's trade secrets, intending to use that information for the competitive advantage of Lionbridge." Id.

TPG thus "asserted claims against H.I.G. and Lionbridge for misappropriation of TPG's trade secrets, unfair competition, and unjust enrichment. TPG also asserted claims against H.I.G. alone for breach of a confidentiality agreement it signed during the bidding process, and for fraud." Id. ¶ 7. "Lionbridge specifically disputes the assertion that the fraud count was against H.I.G. alone and notes that Count VIII [of the underlying case (a violation of trade secrets count)] was against Lionbridge alone." Id.

In January 2022, the Southern District of New York granted summary judgment dismissing the Underlying Case in its entirety. Id. ¶ 8. An appeal by TPG is pending before the Second Circuit. Id. ¶ 9.

### 2. Valley Forge's Liability for Lionbridge's Defense Costs

After the Underlying Case began, and under the Policy,

3

Valley Forge was notified of the lawsuit and accepted the tender of the defense under a reservation of rights. Id. ¶¶ 10, 11. Lionbridge requested the law firm Kirkland & Ellis defend them jointly with H.I.G. in the suit. Id. ¶ 10.

On January 6, 2020, before the Underlying Case was dismissed on summary judgement, Lionbridge filed a lawsuit against Valley Forge, demanding judgement on a number of matters, including Valley Forge's duty to defend Lionbridge in the Underlying Case, the reasonableness of the fees owed to the law firm they had retained for the case, and the matter currently before this Court on this motion. See generally Compl., ECF. No. 1; Am. Compl.

**B.   Procedural History**

On January 6, 2020, Lionbridge brought suit for the breach of the Policy that it had contracted with Valley Forge and for a declaration of the parties' respective rights under the Policy. Compl. ¶ 1. The case was assigned to Judge Saris. Electronic Notice of Case Assignment, ECF No. 3. Lionbridge then filed an amended complaint. Am. Compl. The parties filed cross-motions for summary judgement, Pl.'s Mot. Partial Summ. J., ECF No. 76, Def.'s Cross-mot. Summ. J., ECF No. 104, and Judge Saris decided in favor of Valley Forge, concluding that Valley Forge did not owe Lionbridge a duty to defend, and it should not pay anything beyond what it had already paid to Valley Forge for defense; the

4

district court also dismissed all of Lionbridge's claims. Mem. & Order, ECF No. 185; see also Order of Dismissal, ECF No. 188. Lionbridge appealed. Notice of Appeal, ECF No. 190.

On appeal, the First Circuit reversed "the district court's grant of summary judgment in favor of Valley Forge and, on the duty to defend," entered "summary judgment in favor of Lionbridge;" it also remanded for further proceedings on the reasonableness of the defense. Lionbridge Techs., LLC v. Valley Forge Ins. Co., 53 F.4th 711, 725-726 (1st Cir. 2022). Additionally, the First Circuit affirmed "the district court's grant of Valley Forge's motion to compel, and direct[ed] the district court to tailor a discovery order subject to any viable objections Lionbridge may interpose." Id.

On February 6, 2023, the case was reassigned to this Session. Electronic Notice of Reassignment, ECF No. 213. Now Lionbridge moves for partial summary judgment on allocation. Pl.'s Mot. The issues have been fully briefed. See Pl.'s Mem.; Pl.'s Statement of Material Facts ("Pl.'s Facts"), ECF No. 216; Def.'s Opp'n; Def.'s Summ. J. Statement of Facts ("Def.'s Facts"), ECF No.225; Pl.'s Reply Support Mot. Partial Summ. J. ("Pl.'s Reply"), ECF No. 228; Pl.'s Reply Facts.

## II.  ANALYSIS

Lionbridge alleges that Valley Forge has failed to give them a complete defense as required by the Policy because Valley

5

Forge has taken the position that H.I.G.'s defense ought be discounted from its duty to defend Lionbridge. Pl.'s Mem. 1-2. Lionbridge requests this Court order that Valley Forge "cover 100% of non-segregable defense costs (i.e., defense costs that would have been incurred to defend Lionbridge irrespective of the existence of any co-defendant) in [the Underlying Case]." Pl.'s Mot. 1. Lionbridge also makes the point that "[r]esolving this issue now will narrow the scope of the parties' dispute, streamline discovery, and increase the likelihood of settlement." Pl.'s Mem. 2.

While this Court agrees with Lionbridge in that Valley Forge's duty to defend Lionbridge includes all costs reasonably related to the defense of Lionbridge, this Court orders there be a reasonable allocation of costs between the insured and non-insured parties. In doing so, this Court thus aligns with the law proposed by Valley Forge, based on the case by the Massachusetts Superior Court sitting in and for the county of Suffolk, Watts Water Techs., Inc. v. Fireman's Fund Ins. Co., No. 05-2604-BLS2, 2007 WL 2083769, at *11 (Mass. Super. Ct. July 11, 2007) (Gants, J.).

### A. Pleading Standard

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

6

moving party bears the initial burden of demonstrating that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant does so, then the nonmovant must set forth specific facts sufficient to establish a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Here there are no issues of material fact that affect the Court's decision on this issue, and therefore the question of law before it can be decided now. The question of law is: "[w]hether Valley Forge is required to pay all of the reasonable costs of Lionbridge's defense [. . .] even if someone else, such as a non-insured co-defendant, also benefits." Pl.'s Reply 9. Lionbridge states that it "is not seeking, through this motion, an award of a specific damages number, just a declaration that Valley Forge -- which undeniably breached its duty to defend -- owes the legal expenses that were 'necessary to [Lionbridge's] own defense,'" id. at 8, "irrespective of any benefit that inures to any other defendant," but not "costs that solely benefitted H.I.G. (which Lionbridge has never sought)." Pl.'s Mem. 6.

The law characterizing this issue is not homogenous. Moreover, while the parties have both presented a number of

cases in their briefs, none are binding.  On one hand, cases cited by Lionbridge dictate that an insurer must pay all defense costs that reasonably relate to the insured, even if those costs involve a non-insured party.  See Value Wholesale, Inc. v. KB Ins. Co., No. 18-CV-5887(KAM)(SMG), 2020 WL 6393016, at *7 (E.D.N.Y. Nov. 2, 2020); Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 64 F.3d 1282, 1289 (9th Cir. 1995); Raychem Corp. v. Fed. Ins. Co., 853 F. Supp. 1170, 1183 (N.D. Cal. 1994).  Valley Forge on the other hand, claims that the costs ought be reasonably allocated among both the insured and non-insured parties "in view of all surrounding circumstances."  Def.'s Opp'n 12-13 (citing Watts Water Techs., Inc., 2007 WL 2083769, at *11).

This Court must decide which of these standards ought apply to this case.

**B.   Lionbridge's Law: Insurer Must Pay All Defense Costs, Even Those Including the Defense of a Non-Insured Party**

Lionbridge refers to the "generally accepted" rule by several courts which sets out that the "approach to allocating defense costs in a joint defense arrangement is that the insurer is responsible to pay for all legal costs reasonably related to the defense of the insured defendant, regardless of whether the non-insured defendant also received a benefit."  3 New Appleman on Insurance Law Library Edition § 17.01[3][c] (2023).

Lionbridge cites to a number of cases that apply this approach, but none from this district or from the First Circuit. See Pl.'s Mem. 8-10.  The cases generally involve insured and uninsured parties that have a joint defense team, and the courts determine that because "the work was performed in part for [the insured party], it follows that the work would have still been performed, solely for the benefit of [the insured party], even if [the uninsured party] were not a defendant," and therefore the insurer is fully responsible for these non-segregable costs. Value Wholesale, Inc., 2020 WL 6393016, at *7. See also Raychem Corp., 853 F. Supp. at 1182-1183, 1186 (ruling that allocation between the corporation and the insured officers and directors was improper because the corporation "failed to raise a genuine issue of material fact indicating that . . . the defense costs were not reasonably related to the defense of claims against the officers and directors"); Safeway Stores, Inc., 64 F.3d at 1289 (ruling that Safeway's claimed defense costs, which excluded fees only attributable to the defense of the non-insured party, were reasonably related to the defense of its officers and directors in the class-action suits and ought therefore be fully covered by the directors and officers liability insurance policy).

   Lionbridge also claims that this approach "follows from basic principles of Massachusetts law that govern the duty to

9

defend," also known as the "in for one, in for all" rule, under which defense of the entire action is required if any of the claims are covered.  Pl.'s Reply 3 (citing Mount Vernon Fire Ins. Co. v. Visionaid, Inc., 477 Mass. 343, 351 (2017)).

Lionbridge also contends that two cases cited by Valley Forge in support of its argument, Lyman Morse Boatbuilding, Inc. v. N. Assurance Co. of Am., Inc., No. 2:12-CV-313-DBH, 2014 WL 901445, at *4 (D. Me. Mar. 6, 2014) and KB Home Orlando LLC v. Mid-Continent Cas. Co., No. 6:19-CV-1573-RBD-EJK, 2022 WL 3136866, at *4 (M.D. Fla. May 27, 2022), report and recommendation adopted, 2022 WL 4354845 (M.D. Fla. Sept. 20, 2022), actually further support Lionbridge's position on the law.  Specifically, according to Lionbridge, in both "the court recognized the majority rule — requiring payment of all costs reasonable and necessary to defend the policyholder — but applied a different rule expressly because of a factual distinction not present in this case," viz., that the uninsured party paid the defense costs.  Pl.'s Reply 6.  In KB Home Orlando LLC, the court did not find cases such as Value Wholesale instructive because in that case it was the insured that sought reimbursement from the insurer for fees paid when the insurers breached their duties to defend.  2022 WL 3136866, at *4-5.  In contrast, in KB Home Orlando, the fees had been paid by the non-insured party when the insurer breached its duty

10

to defend the insured.  Id. at *5.  The court in KB Home Orlando did, however, state that the insurer "is required to put only [the insured] in the position it would have occupied if [the insurer] had defended [the insured]," and that the third-party would have paid the costs for the co-defendants in any case. Id.

In Lyman Morse, the court stated that "[i]t would also be unfair to require the insurer to pay for the defense of both the corporation and the individual when I have concluded that the corporation was not entitled to a defense by the insurer.  That would effectively expand the purchased insurance coverage, and the collateral source rule does not require that result."  2014 WL 901445, at *4.

### C. Valley Forge's Law: Defense Costs Must Be Reasonably Allocated Between the Insured and Non-Insured Parties

Valley Forge relies heavily on Watts Water to argue that it ought not be forced to pay the entire defense-costs bill, being left with the burden of filing an action for contribution against the non-insured party or its insurer, rather than "'assess[ing] the reasonableness of the allocation of legal fees between' the policyholder and the non-insured co-defendant 'in view of all surrounding circumstances.'"  Def.'s Opp'n 12-13 (citing Watts Water Techs., Inc., 2007 WL 2083769, at *11).

11

As Valley Forge points out, the Superior Court in Watts Water expressly considered the cases cited by Lionbridge, specifically Raychem and Safeway, and decided to take a "middle ground" in which costs would be allocated based on consideration of the surrounding circumstances.  Id. at 13; see also Watts Water Techs., Inc., 2007 WL 2083769, at *6-7.

**D. Massachusetts Law: Watts Water**

Contrary to what Lionbridge claims, the Superior Court in Watts Water does not completely deviate from the standard set out in other circuits.  See Pl.'s Reply 5.  It recognizes that the insurer is responsible for all the work provided by the insured's legal party, as long as it is reasonably related to the insured's defense.  Watts Water Techs., Inc., 2007 WL 2083769, at *7.  See also Safeway Stores, Inc., 64 F.3d at 1289 (citing Raychem Corp., 853 F. Supp. at 1182) ("Defense costs are thus covered by a [directors and officers liability] policy if they are reasonably related to the defense of the insured directors and officers, even though they may also have been useful in defense of the uninsured corporation.").  The only difference with the cases cited by Lionbridge is that the Superior Court recognizes that in a joint defense where no insurance was involved, it is most likely the parties would have negotiated how each party ought pay the fees, and therefore that

ought also be recognized in a case like this.  <u>Watts Water Techs., Inc.</u>, 2007 WL 2083769, at *7.

This conclusion does not appear to be "inapt and unpersuasive" as Lionbridge claims, nor does it seem of significant relevance that the Superior Court, in deciding a partial summary judgment motion, "did not consider, much less address, the prospect that the insurers could seek contribution from the uninsured co-defendants that benefited from the defense."  Pl.'s Mem. 11.  The issue of what the allocation ought be is not part of this motion.  In due time, that issue shall be resolved in the manner this Court deems most appropriate, and in accordance with the evidence presented by the parties.  <u>See, e.g.</u>, <u>Lyman Morse Boatbuilding, Inc.</u>, 2014 WL 901445, at *3-4 (ruling that the "defenses overlapped substantially, albeit not entirely," but because there was no precise way to determine the allocation, the court resolved the issue based on "[t]he equities of the case," and thus it was appropriate to reduce the fees by fifty percent so as not to be "unfair" to the insurer and "expand the purchased insurance coverage").

It is clear from the different cases cited that courts have different approaches to the need for allocation and how it ought be done in accordance with the facts of each case.  This issue has not been clearly settled in this district or circuit.  Also,

13

courts that have referred to it have recognized that even when some courts have decided defense costs are recoverable from the insurer even if a non-insured party was involved, "[o]ther courts have adopted variations of the 'reasonably related' test." Raychem Corp., 853 F. Supp. at 1182 & n.5 (citing Perini Corp. v. Nat'l Union Fire Ins. Co., CIV. A. No. 86-3522-S, 1988 WL 192453, 1988 U.S. Dist. LEXIS 17442 (D. Mass. June 2, 1988) (Skinner, J.), where the court decided to look at several factors, such as "whether the claims were directed principally against the corporation or were focused on officer/director wrongdoing"). Therefore, it is not unreasonable for this Court to decide allocation in accordance with the Superior Court's decision in Watts Water.

    This Court concludes that, as decided by the Superior Court in Watts Water, it is only fair to consider "the allocation that reasonably would have been negotiated had each party in the joint defense paid its own legal fees," 2007 WL 2083769, at *11, and that the Massachusetts Supreme Judicial Court would follow this rule. Here there are two corporations that were involved in a litigation, and one should not be free of paying for its defense costs. It is worth noting that this Court acknowledges that Valley Forge could seek contribution from the uninsured party and its insurers, but that does not undermine the possibility of reasonably allocating costs at once.

14

### III. CONCLUSION

For the reasons stated above, this Court **allows** Lionbridge's motion for partial summary judgment (ECF No. 214), and orders that -- as to the question that Lionbridge presents on summary judgement -- whether Valley Forge must pay all of the reasonable costs of Lionbridge's defense, even if they involve a non-insured defendant who also received a benefit from it -- the answer is "yes."  Valley Forge must pay all reasonable costs incurred by its insured, Lionbridge, but the question of reasonableness will also include allocation of the cost among the parties to the joint defense for work that benefited them both.  The reasonable allocation will be made in light of the surrounding circumstances, including "relative exposure of the parties to liability, the size of the parties, and the parties most benefitting from the joint defense work."  Watts Water Techs., Inc., 2007 WL 2083769, at *7.

**SO ORDERED.**

                          /s/William G. Young
                            WILLIAM G. YOUNG
                                JUDGE
                                of the
                              UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 45 years.